FOR PUBLICATION

# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS & ST. JOHN

```
In re:                          )
                                )
INNOVATIVE COMMUNICATION        )     Civil No. 2008-114
COMPANY, LLC, et al.,           )
                                )     Bankr. Case No. 06-30008
          Debtor.               )
_____)
                                )
In re:                          )     Civil No. 2008-115
                                )
INNOVATIVE COMMUNICATION        )     Bankr. Case No. 07-30012
CORPORATION,                    )
                                )
          Debtor.               )
_____)
```

**ATTORNEYS:**

**Robert F. Craig, Esq.**
Omaha, NE
   *For Jeffrey J. Prosser,*

**A. Jeffrey Weiss, Esq.**
St. Thomas, U.S.V.I.
   *For Jeffrey J. Prosser,*

**J. Daryl Dodson, Esq.**
St. Thomas, U.S.V.I.
   *For Rural Telephone Finance Cooperative,*

**Toby L. Gerber, Esq.**
**Mark A. Platt, Esq.**
Dallas, TX
   *For Rural Telephone Finance Cooperative,*

**William R. Greendyke, Esq.**
Houston, TX
   *For Rural Telephone Finance Cooperative,*

**Daniel C. Stewart, Esq.**
**Thomas S. Leatherbury, Esq.**
**Michaela C. Crocker, Esq.**
Dallas, TX
    *For Stan Springel, Chapter 11 Trustee*,

**Benjamin A. Currence, Esq.**
St. Thomas, U.S.V.I.
    *For Stan Springel, Chapter 11 Trustee.*

## MEMORANDUM OPINION

**GÓMEZ, C.J.**

The appellant in this matter, Jeffrey J. Prosser, appeals from an August 1, 2008, order of the Bankruptcy Division of this Court, determining that Prosser has no "global" standing to participate in the above-captioned bankruptcy cases. For the reasons given below, the Court will vacate the Bankruptcy Division's order.

### I. FACTUAL AND PROCEDURAL BACKGROUND

The parties are familiar with the facts of the above-captioned matters and related proceedings. The Court therefore recites only those facts germane to this particular appeal.

Innovative Communication Company, LLC ("ICC-LLC") is a limited liability company that wholly owns Emerging Communications, Inc. ("ECI") (ICC-LCC and ECI are together referred to as the "Parent Debtors"). ECI, in turn, wholly owns Innovative Communication Corporation ("New ICC") (the Parent

Debtors and New ICC are collectively referred to as the "Corporate Debtors"). New ICC provides telephone service, newspaper publishing and cable television services in the U.S. Virgin Islands.[1]

On June 9, 2006, this Court entered a Judgment in favor of Rural Telephone Finance Cooperative ("RTFC") -- a member-owned, non-profit lending cooperative based in Virginia and a creditor of Prosser and the Corporate Debtors -- and against New ICC and Prosser, jointly and severally, in the amount of $524,910,065 (the "RTFC Judgment"). The RTFC Judgment caps Prosser's liability at $100,000,000.

On July 31, 2006, Prosser filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Parent Debtors separately filed voluntary petitions for Chapter 11 relief that same day. On March 15, 2007, the appellee in this matter, Stan Springel ("Springel"), was appointed Chapter 11 trustee for the Parent Debtors.

On July 5, 2007, Greenlight Capital Qualified, L.P.; Greenlight Capital, L.P.; and Greenlight Capital Offshore, Ltd.[2],

---

[1] The Corporate Debtors also provide similar services in St. Maarten, the British Virgin Islands, Guadeloupe, Martinique, and eastern France.

[2] Greenlight consists of two limited partnerships organized under Delaware law and a corporation organized in the British Virgin Islands.

creditors of Prosser and the Parent Debtors, filed an involuntary bankruptcy petition against New ICC. On October 4, 2007, Springel was also appointed Chapter 11 trustee of New ICC.

By order dated October 3, 2007, the Bankruptcy Division converted Prosser's Chapter 11 case to a case under Chapter 7 of the Bankruptcy Code. James P. Carroll ("Carroll") was thereafter appointed Chapter 7 trustee of Prosser's estate. This Court affirmed the conversion.

On April 10, 2008, Springel, in his capacity as Chapter 11 trustee for the Corporate Debtors, filed a motion in the Bankruptcy Division, asking that court for a determination of Prosser's standing to participate in the Corporate Debtors' Chapter 11 cases. Prosser filed an objection to that motion. RTFC joined in Springel's motion. On June 19, 2008, the Bankruptcy Division held a hearing on the motion and invited supplemental briefing. On August 1, 2008, the Bankruptcy Division granted Springel's motion, rejecting Prosser's claim that he has "global" standing to participate in the Corporate Debtors' Chapter 11 cases and concluding that Prosser must establish standing to be heard on particular issues in those cases (the "Standing Order"). This timely appeal followed.[3]

---

[3] Prosser filed two notices of appeal of the Standing Order. The Clerk of Court docketed those notices as separate cases. By Order dated October 30, 2008, the Court consolidated both cases.

## II. DISCUSSION

This Court has jurisdiction to hear appeals from final judgments, orders, and decrees, and, with leave of court, from interlocutory orders and decrees of bankruptcy judges. 28 U.S.C. § 158(a).[4] The Court reviews the Bankruptcy Division's findings of fact for clear error and exercises plenary review over questions of law. *In re Barbel*, No. 01-221, 2004 U.S. Dist. LEXIS 19417, at *2 (D.V.I. Sept. 21, 2004) ("A district court reviews the Bankruptcy Division's conclusions of law *de novo* but may only review findings of fact that are clearly erroneous."); *see also Krystal Cadillac Oldsmobile GMC Truck, Inc. v. GMC (In re Krystal Cadillac Oldsmobile GMC Truck, Inc.)*, 142 F.3d 631, 635 (3d Cir. 1998). "[A] question of standing . . . is subject to *de novo* review." *Otto v. Pennsylvania State Educ. Ass'n-NEA*, 330 F.3d 125, 130 (3d Cir. 2003) (citing *In re RFE Indus., Inc.*, 283 F.3d 159, 163 (3d Cir. 2002)); *see also ACLU-NJ ex rel. Miller v. Twp. of Wall*, 246 F.3d 258, 261 (3d Cir. 2001) ("We review the issue

---

Only Prosser and Springel have filed briefs. No other party has appeared or filed any pleadings.

[4] 28 U.S.C. § 158(a) provides, in part, that

> [t]he district courts of the United States shall have jurisdiction to hear appeals . . . of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under under section 157 of this title. An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving.

of standing de novo." (citations omitted)).

### III. <u>**ANALYSIS**</u>

**A.   Standing**

Although Prosser does not raise the issue of his standing to bring this appeal and Springel refers to that issue only obliquely, the Court must consider Prosser's standing as a threshold issue. *See In re Combustion Eng'g, Inc.*, 391 F.3d 190, 214 (3d Cir. 2004) ("As a threshold matter, we must determine whether appellants have standing . . . .") (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 n.8 (1986)).

The United States Court of Appeals for the Third Circuit employs the "persons aggrieved" test to determine if a person may appeal a bankruptcy court order. *Travelers Ins. Co. v. H.K. Porter Co., Inc.*, 45 F.3d 737, 741 (3d Cir. 1995). A person is aggrieved "only if the bankruptcy court's order 'diminishes their property, increases their burdens, or impairs their rights.'" *In re PWS Holding Corp.*, 228 F.3d 224, 249 (3d Cir. 2000) (quoting *In re Dykes*, 10 F.3d 184, 187 (3d Cir. 1993)). "Thus, only those 'whose rights or interests are directly and adversely affected pecuniarily' by an order of the bankruptcy court may bring an appeal." *Id.* (quoting *In re Dykes*, 10 F.3d at 187). "The 'person aggrieved' standard, which is more stringent than the constitutional test for standing, serves the acute need to limit collateral appeals in the bankruptcy context." *In re O'Brien*

*Envtl. Energy, Inc.*, 181 F.3d 527, 530 (3d Cir. 1999) (citing *In re Dykes*, 10 F.3d at 187). The United States Court of Appeals for the Ninth Circuit has explained that the need to limit such appeals

> springs from the nature of bankruptcy litigation which almost always involves the interests of persons who are not formally parties to the litigation. In the course of administration of the bankruptcy estate disputes arise in which numerous persons are to some degree interested. Efficient judicial administration requires that appellate review be limited to those persons whose interests are directly affected.

*Fondiller v. Robertson (In re Fondiller)*, 707 F.2d 441, 443 (9th Cir. 1983), *cited with approval in In re O'Brien Envtl. Energy*, 181 F.3d at 530-31. "The question whether a party has standing to appeal in a bankruptcy case is generally an issue of fact for the district court." *In re O'Brien Envtl. Energy, Inc.*, 181 F.3d at 531 (citing *In re Dykes*, 10 F.3d at 188).

To the extent the Standing Order essentially enjoins Prosser from broad participation in the Corporate Debtors' bankruptcy cases, the Standing Order directly impairs Prosser's rights. *See*, *e.g.*, *Feld v. Zale Corp. (In re Zale Corp.)*, 62 F.3d 746, 751 n.13 (5th Cir. 1995) (finding the fact that the bankruptcy court's order enjoined non-parties "*in any way* gives them standing to appeal" the order (citation omitted)); *Bayoud v. Medical Ctr. Hosp. (In re American Dev. Int'l Corp.)*, 188 B.R. 925, 932 (N.D. Tex. 1995) (finding that a bankruptcy court order

that directly precluded a non-party from continuing certain litigation and to bring new lawsuits, was injunctive and impaired the non-party's rights). Accordingly, Prosser is a "person aggrieved" and has standing to bring this appeal.

**B.  Merits**

In the Standing Order, the Bankruptcy Division determined that Prosser is neither a creditor nor an equity security holder of any of the Corporate Debtors and therefore is not a party in interest to those entities' Chapter 11 cases. Accordingly, the Bankruptcy Division concluded that Prosser does not have "global" standing and that he,

> like any other litigant, . . . must establish standing as to a particular motion or proceeding and, at this point, the only matters pending in these Chapter 11 cases as to which his standing is clear are those commenced against him by various parties, including adversary actions in which he is a named defendant.

(Appellant's Br., Exh. P10 at 3.)

Prosser argues on appeal that the Bankruptcy Division erred in finding that Prosser is not a party in interest to the Corporate Debtors' bankruptcy cases. In Prosser's view, because the RTFC Judgment renders him jointly and severally liable with New ICC to RTFC, New ICC and he are co-debtors. Prosser asserts that New ICC's ability to satisfy RTFC's claim directly affects how much he will have to pay RTFC. As a consequence, Prosser claims to have a pecuniary interest in the outcome of the

Corporate Debtors' Chapter 11 cases and, as such, is a party in interest to those cases. He cites a raft of statutes and cases to support that view. Most compelling, however, is Prosser's contention that the Bankruptcy Division erred in entering a "blanket" ruling on his standing to participate in the Corporate Debtors' Chapter 11 cases. According to Prosser, a determination of standing to participate in a bankruptcy case requires a more refined analysis.

§ 1109(b) of the Bankruptcy Code, 11 U.S.C. § 1109(b), "makes clear that any 'party in interest' may appear and be heard in a chapter 11 case." *In re Amatex Corp.*, 755 F.2d 1034, 1042 (3d Cir. 1985). It provides that "[a] party in interest, *including the debtor*, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b) (emphasis supplied).

The basic test under section 1109(b) is "whether the prospective party in interest has a sufficient stake in the outcome of the proceeding so as to require representation." *In re Amatex Corp.*, 755 F.2d at 1042. Such a party is entitled to assert and demonstrate his right to participate in a particular matter of a bankruptcy proceeding. *See*, *e.g.*, *Term Loan Holder Comm. v. Ozer Group, L.L.C. (In re The Caldor Corp.)*, 303 F.3d

161, 169 (2d Cir. 2002) (noting that "the phrase 'any issue in a case' [in Section 1109(b)] plainly grants a right to raise, appear and be heard on any issue" in a Chapter 11 case); *In re Marin Motor Oil, Inc.*, 689 F.2d 445, 451 (3d Cir. 1982) (explaining that Section 1109(b) "*grants a right to appear and be heard not in 'a case' but 'on any issue in a case'*" (emphasis supplied)); *In re Martin Paint Stores*, 199 B.R. 258, 263 (Bankr. S.D.N.Y. 1996) ("Section 1109(b) of the Bankruptcy Code provides that a party in interest may appear and be heard on any issue in the case. This provision, however, does not confer standing in the absence of a legally protected interest affected by the bankruptcy proceeding, and the party asserting standing must show that he is a beneficiary of the bankruptcy provision that he invokes." (citations omitted)), *aff'd*, Civ. No. 96-6499, 1997 U.S. Dist. LEXIS 2658 (S.D.N.Y. Mar. 12, 1997); *see also Peachtree Lane Assocs. v. Granader (In re Peachtree Lane Assocs.)*, 188 B.R. 815, 827 (N.D. Ill. 1995) ("[F]undamental fairness requires that those who have a practical stake in the proceedings be afforded an opportunity to be heard on the issues that affect them.").

Furthermore, it is widely accepted that "party in interest" status must be determined not as a general matter but on an *ad hoc* basis. *In re Amatex Corp.*, 755 F.2d at 1042 ("[C]ourts must determine on a *case by case basis* whether the prospective party

in interest has a sufficient stake in the proceeding so as to require representation." (emphasis supplied) (citation omitted))); *Nintendo Co. v. Patten (In re Alpex Computer Corp.)*, 71 F.3d 353, 357 (10th Cir. 1995); *In re FBN Food Servs.*, No. 93-6347, 1995 U.S. Dist. LEXIS 5009, at *4 (N.D. Ill. Apr. 13, 1995) ("Neither the bankruptcy code nor the bankruptcy rules define the term 'party in interest'; its meaning is therefore determined in light of the bankruptcy code on a case-by-case basis." (citations omitted)); *In re Johns-Manville Corp.*, 36 B.R. 743, 747 (Bankr. S.D.N.Y. 1984) (citing *In re Penn-Dixie Industries, Inc.*, 9 B.R. 941, 943 n.7 (Bankr. S.D.N.Y. 1981), *cited with approval in In re Amatex Corp.*, 755 F.2d at 1042)).

Here, the Standing Order does not appear to be consonant with the letter or the spirit of § 1109(b) or the case law interpreting that provision. Although it essentially restates the well-settled principle that standing in bankruptcy proceedings must be established on an *ad hoc* basis, the Standing Order goes one step further by making a global determination on Prosser's standing to participate generally in the bankruptcy proceedings. In light of the authority outlined above, this Court concludes that the Standing Order takes one step too many.

The record reflects that Springel moved for a determination of Prosser's global standing based on Prosser's numerous filings

in the Bankruptcy Division.  Among other things, the motion asserted the following:

> Since the filing of that Notice of Appearance, Prosser has filed, among other things, objections to Trustee Springel's motions to sell assets of the estates, and he continues to file multiple pleadings and objections with regard to substantially every action of Trustee Springel, including, on multiple occasions, filing motions with the District Court seeking to enjoin the actions of the Trustees and this Court in the orderly administration of the Bankruptcy Cases and Prosser's individual bankruptcy case.

(Appellant's Br., Exh. P1 at 5.)

In essence, Springel's motion suggests that Prosser's frequent efforts to participate in the bankruptcy proceedings constitute a nuisance precluding smooth sailing in the bankruptcy proceedings.  A court has several arrows in its quiver, however, to address a nuisance.  A court has at its disposal, for instance, a variety of sanctions it may impose on an offending party.  The record does not reflect whether the Bankruptcy Division has employed such measures.  Under the circumstances presented here, and given the applicable law, the Bankruptcy Division also could direct any party, such as Prosser, seeking to participate in the bankruptcy proceedings to ask the court on a case-by-case basis for permission to do so.  The record also does not reflect whether the Bankruptcy Division has issued such a directive.  Either of these approaches would certainly be in line with the principles enunciated above and the governing law.

### IV. CONCLUSION

For the reasons given above, the Bankruptcy Division's Standing Order will be vacated and this appeal will be dismissed.[5]  An appropriate order follows.

S_____
**CURTIS V. GÓMEZ**
**Chief Judge**

---

[5] Given this disposition, the Court need not reach the parties' various other contentions.